# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1799

_____

| | | |
|---|---|---|
| Kathleen M. Velek; Timothy P. Cotton; Carolyn J. McEwen, and parties similarly situated, | * * * * | |
| Appellants, | * | |
| v. | * * * | Appeal from the United States District Court for the Eastern District of Arkansas. |
| State of Arkansas; City of Little Rock, Arkansas; Victor A. Fleming, Little Rock Municipal Court Judge; City of Stuttgart, Arkansas; J.W. Green, Stuttgart Municipal Court Judge, | * * * * * * | **[UNPUBLISHED]** |
| Appellees. | * | |

_____

Submitted:  October 4, 2001

Filed:  October 5, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Kathleen Velek, Timothy Cotton, and Carolyn McEwen (plaintiffs) were charged with Class A misdemeanors in Arkansas municipal courts where, in accordance with Arkansas law, they were subject to trial before a municipal judge, and if convicted,

could receive a de novo trial by jury upon appeal. Plaintiffs brought this 42 U.S.C. § 1983 action against the State of Arkansas, the cities of Little Rock and Stuttgart, and two municipal court judges, claiming that Arkansas's two-tier system violates their rights to a speedy jury trial and to freedom from double jeopardy. The district court[1] initially found abstention was required under Younger v. Harris, 401 U.S. 37 (1971), because of the pending state court prosecutions, but upon further review found that plaintiffs failed to state a claim. Upon careful de novo review of the record, we affirm.

The Supreme Court previously upheld a similar two-tier system in Ludwig v. Massachusetts, 427 U.S. 618, 624-32 (1976) (rejecting arguments based upon right to jury trial, additional financial costs imposed by system, potential for harsher penalty at second trial, psychological and physical hardships of undergoing two trials, and Double Jeopardy Clause). Plaintiffs' attempts to distinguish Ludwig fail because plaintiffs lack standing to challenge either the system's disproportionate impact on the poor and minorities, or the state's ability under some circumstances to appeal a first-tier not-guilty verdict. See Steger v. Franco, Inc., 228 F.3d 889, 892 (8th Cir. 2000) (plaintiffs must allege they have sustained direct injury as result of challenged conduct).

Accordingly, we affirm. We deny as moot plaintiffs' motions to strike and to substitute parties.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The HONORABLE STEPHEN M. REASONER, United States District Judge for the Eastern District of Arkansas.